NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFONSO ESPINOZA LARA, AKA Roberto Vargas, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-71594 <br><br> Agency No. A205-022-807 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021**
San Francisco, California

Before: BERZON, MURGUIA, and CHRISTEN, Circuit Judges.

Alfonso Espinoza Lara, a native and citizen of Mexico, seeks review of a

final order of the Board of Immigration Appeals ("BIA") dismissing Espinoza's

appeal of the Immigration Judge's ("IJ") denial of cancellation of removal.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Espinoza argues that his due process rights were violated. We review due process challenges in immigration proceedings de novo. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

1. The timing of the IJ's decision to deny cancellation of removal did not violate Espinoza's procedural due process rights. First, the timing did not affect the substance of Espinoza's cancellation of removal hearing. Espinoza received a fair hearing and was able to "reasonably present[] his case" in full before the IJ and BIA. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (internal quotations and citations omitted). Further, because the internal memorandum is an "internal directive[] [that does] not hav[e] the force and effect of law," *Romeiro de Silva v. Smith*, 773 F.2d 1021, 1025 (9th Cir. 1985), the Operative Policies and procedures memorandum ("OPPM") on which Espinoza relies does not create due process rights for Espinoza. *See James v. U.S. Parole Comm'n*, 159 F.3d 1200, 1205 (9th Cir. 1998); Cancellation of Removal or Suspension of Deportation That Are Subject to the Cap, Operating Policies and Proc. Mem. 17-04, 2017 WL 6766314 (Dec. 20, 2017).[1]

Second, the timing of the IJ's decision denying cancellation of removal did

---

[1] We do not consider whether the 1998 Rule, rather than the 2017 Rule, applies to Espinoza and creates any enforceable rights, *see* 82 Fed. Reg. 57,336 (codified at 8 C.F.R. § 1240.21), because he did not raise that issue before the agency. Instead, he relied only on the OPPM. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020).

not prejudice Espinoza. The IJ's denial of cancellation of removal was decided on the merits. Nothing in the record indicates that the IJ's decision would have been different had he issued his decision later. *See Ibarra-Flores*, 439 F.3d at 621.

2. Espinoza waived his procedural due process challenge to the Department of Homeland Security's failure to submit a brief on appeal and the BIA's scope of review because he failed to "specifically and distinctly argue" the issue in his opening brief and in his reply brief. *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (internal quotations and citations omitted).

**PETITION DENIED.**